**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RYAN K. HILLIARD,

        Plaintiff,

vs.                                                  Case No. 3:05-cv-749-J-32TEM

SLM FINANCIAL CORP., et al.,

        Defendants.

## **ORDER**

This case is before the Court on pending motions. Pro se plaintiff, Ryan Hilliard filed his complaint against defendants SLM Financial Corporation and SLM Education Credit Finance Corporation (collectively "Sallie Mae") alleging that defendants engaged in debt collection practices which violated 15 U.S.C. § 1692, et. seq. (Doc. 1.) Defendants moved to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. Rule 12(b)(6). (Doc. 5.) Plaintiff filed a response in opposition. (Doc. 10.)

In their motion to dismiss, defendants argue that Sallie Mae is not a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, because Sallie Mae meets a statutory exception to the definition of a debt collector. (Doc. 5, ¶ 7.) Under 15 U.S.C. § 1692a, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." This statutory definition of a debt collector does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692(a)(6)(F)(iii). Defendants assert that because plaintiff has not alleged and cannot allege that the loan at issue was "in default" at the time Sallie Mae began servicing the loan, defendants are excepted from the definition of a debt collector pursuant to 15 U.S.C. § 1692a(4)(F)(iii). (Doc. 5 at 7.) Therefore, defendants assert that plaintiff cannot state a cause of action against Sallie Mae under the FDCPA. (Doc. 5, ¶ 8.)

To state a cause of action under the FDCPA, "plaintiff must allege that '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Losure v. Capital One Servs., Inc., No. 2:05CV502FTM29SPC, 2006 WL 166520, at *2 (M.D. Fla. Jan. 23, 2006) (quoting Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)). In order to show that defendants meet the statutory definition of debt collector and thereby trigger the FDCPA, plaintiff must allege that

2

the debt in question was in default at the time defendants began servicing the loan. Brumberger v. Sallie Mae Servicing Corp., 84 F. App'x 458, 459 (5th Cir. 2004).

In plaintiff's response in opposition to defendants' motion to dismiss, plaintiff claims that the loan in question was in default when Sallie Mae received the loan. (Doc. 9, ¶ 2.)  However, plaintiff's complaint states only that 1) plaintiff did not qualify for a student loan to attend Unisoft Technologies without the assistance of a co-borrower (Doc. 1, ¶¶ 14-15); 2) plaintiff's father, Louis Hilliard, met the qualifications for a co-borrower on the loan, but Sallie Mae determined Louis Hilliard did not co-sign the loan (Doc. 1, ¶¶ 17 & 24); 3) plaintiff "withdrew his enrollment from Unisoft Technologies, prior to the commencement of the school term, and prior to finalizing any loan documents" (Doc. 1, ¶ 19) (emphasis added); and 4) plaintiff made payments on the loan in question, even though he disputed the loan (Doc. 1, ¶ 21).  Plaintiff has neither alleged when Sallie Mae obtained the loan in question nor whether the loan was in default at that time.  These facts are essential to the Court's determination of the merits of the motion.

However, rather than ruling on the motion to dismiss at this time, the Court will require plaintiff to file an amended complaint, which addresses the matters referenced herein.  Defendants may then either renew this current motion, file an answer, or file a new motion to dismiss.

Additionally, plaintiff has moved for default judgment (Doc. 6) and judgment

3

pursuant to Rule 55(b) (Doc. 7), claiming that although defendants may have timely filed responses to the complaint by virtue of filing the motion to dismiss, they failed to timely serve plaintiff with the motion.  The Court declines to enter a default in these circumstances.  Although a plaintiff's pro se status will not be an excuse for failure to follow procedural rules of court, in this case, defendants' motion for sanctions (Doc. 12) is likewise due to be denied.  Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 5) is **DENIED** without prejudice.

2. Plaintiff shall file and serve an amended complaint no later than **March 9, 2006**.  Defendants shall file and serve a response no later than **March 30, 2006**.

3. Plaintiff's motion for default judgment (Doc. 6), plaintiff's motion pursuant to Rule 55(b) (Doc. 7), and defendants' motion for sanctions (Doc. 12) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of February, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

4

m.
Copies:
counsel of record